OPINION
Appellant Perry Township Board of Trustees appeals a judgment of the Stark County Common Pleas Court finding that the Board erred in refusing to allow appellee Acme Group, Inc., to withdraw its petition for re-zoning of its property:
ASSIGNMENTS OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SUBSTITUTED ITS JUDGMENT FOR A LEGISLATIVE ACT OF THE BOARD OF TRUSTEES FOR PERRY TOWNSHIP, STARK COUNTY, OHIO.
 THE CASE IS RENDERED MOOT BY THE SEPARATE LEGISLATIVE ACT OF THE BOARD OF TRUSTEES FOR PERRY TOWNSHIP, STARK COUNTY, TO RE-ZONE A LARGER TRACT OF LAND INCLUDING THE SUBJECT PROPERTY, DURING ITS REGULAR MEETING ON MAY 23, 2001.
Appellee owned real property in Perry Township. Pursuant to R.C. 519.12
(A), appellee filed an application for a zoning change on the real property from I-D to R-4, pursuant to the Perry Township Zoning Resolution.
On May 23, 2000, appellant conducted a public hearing on the application. During the portion of the hearing where appellant heard comments from those opposing the re-zoning requests, and before the Board began its deliberations or took any action regarding the application, appellee advised the Board that it was withdrawing its application. The Board refused to accept the withdrawal, and thereafter adopted a resolution modifying the zoning of appellees' property from I-D to R-2.
Appellees filed a declaratory judgment action in the Stark County Common Pleas Court seeking a declaration that the resolution is null and void, and further seeking to hold the portion of R.C. 519.12(H), which purports to authorize the trustees to unilaterally modify a real property owner's application, to be unconstitutional. In the alternative, appellee requested a writ of mandamus compelling the Board of Trustees to vacate the resolution.
The case proceeded to a hearing in the Stark County Common Pleas Court upon stipulated facts. The court concluded that appellees' application should have been deemed withdrawn by the Board, and any subsequent action on the application was therefore nullified. The court ordered that the record of the Perry Township Board of Trustees be changed to reflect the court's decision.
 I
Appellant argues that the trial court cannot substitute its judgment for that of the Board of Trustees without declaring the legislative enactment unconstitutional.
R.C. 519.12(A) provides three methods by which amendments to the zoning resolution may be initiated: by motion of the township zoning commission, by the passage of a resolution of the township trustees, or by the filing of an application by one or more of the owners of property within the area proposed to be changed.
The statute does not specifically address the issue of whether an applicant may withdraw an application before it is acted upon. However, as noted by the court, there is no legal basis for denying an applicant an opportunity to withdraw an application for re-zoning of its property prior to a final decision relative to that property. In the instant case, the parties stipulated that the application to withdraw was made before the Board began its deliberations, and before any motions were made or adopted regarding the application. As in the instant case the process was initiated by the property owner, the court did not err in concluding the property owner may terminate the process before action is taken on the application.
The first assignment of error is overruled.
 II
Appellant argues the instant action is rendered moot by a separate legislative act of the Board to re-zone a larger tract of land, including the subject property. The validity of the second resolution is currently the subject of a separate cause of action. The existence of this resolution does not render the instant action moot, as in the event the court determines the second resolution to be invalid, the validity of the resolution in the instant case would again be at issue.
The second assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.
Gwin,.J.
Edwards, P J., and Farmer, J., concur.